UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14004-CR-MOORE/LYNCH

UNITED STATES OF AMERICA

v.

ROLLIE GILLIAM, JR.,

       Defendant.
_____/

**Government's Response to Defendant's Objections to Presentence Investigation Report**

       The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response to the Defendant's Objections to Presentence Investigation Report (DE 70).

**Aggravating Role**

       The defendant objects to paragraphs 15 and 23 of the PSI and argues that the two level increase pursuant to U.S.S.G. § 3B1.1(c) is inapplicable because the defendant did not act as a manager or supervisor in this case.

       The government maintains that the defendant was an organizer, leader, manager, or supervisor in this criminal activity, and should be assessed the two level enhancement. In order for U.S.S.G. § 3B1.1(c) to apply, the number of participants in the criminal activity is immaterial. So long as the government establishes that the defendant directed or supervised the activities of another individual within the criminal enterprise, the enhancement is appropriate.

       In this case, the defendant recruited and directed the activities of his co-defendant, George Baty. Specifically, on the date charged, the CS made a telephone call to the defendant. The

defendant instructed the CS to meet him at the CS's residence. At approximately 1810 hours, the defendant parked in the driveway of the CS's residence. The defendant exited a black Honda Accord and entered the residence. The defendant and the CS were observed and heard talking to one another. The CS told the defendant that the CS only had six hundred and fifty dollars for the purchase of crack cocaine. The defendant requested the CS to front the money, but the CS declined. The defendant told the CS that he (the defendant) had to go "drop it." The defendant asked the CS if he understood what "dropping it" meant and the CS said, "yes you have to cut it." The defendant said, "No, I have to cook it up." The defendant then explained to the CS that he (the defendant) would make sure the "shit" was good because his (the defendant's) stuff was "like fire." The defendant kept telling the CS to give him the money but the CS would not release the money, as instructed by agents. The defendant advised the CS that he would return shortly with the dope. The defendant left the residence.

     At approximately 1900 hours, the defendant called the CS and advised that he (the defendant) was on his way. A short time later, a blue medium sized vehicle pulled into the driveway of the residence. A black male, later identified as co-defendant George Baty, entered the residence. Baty handed the CS a small plastic bag containing an off white substance. The CS handed Baty $640.00 and explained to Baty that the CS had purchased something to eat and was short $10.00. While engaged in conversation with the CS, Baty received a telephone call from the defendant. The defendant called to verify that Baty was okay. Baty said to the defendant, "What's up partner . . . yeah, I'm straight." When asked by the CS if the crack "would weigh," Baty said yes and added, "there may even be some extra . . . we do take care of our customers." The signal was given and the takedown unit moved in to apprehend Baty.

Once Baty was secured, SA Matschner advised Baty of his *Miranda* rights and Baty agreed to speak with law enforcement.  Baty advised agents that the defendant arrived at Baty's residence and asked Baty to transport the crack cocaine for $20.00.  Baty advised agents that he had full knowledge of the crack cocaine and agreed to transport the same for the defendant. Baty agreed to help agents and escorted the takedown unit to Baty's residence located at 2705 Ave S, where the defendant was waiting for Baty to return with the defendant's money.

Due to the fact that the defendant recruited and instructed co-defendant Baty, the two level enhancement pursuant to U.S.S.G. § 3B1.1(c) is appropriate.

*Wherefore*, the United States respectfully requests that the Court deny the defendant's objection to the Presentence Investigation Report.

                                        Respectfully submitted,
                                        WIFREDO A. FERRER
                                        UNITED STATES ATTORNEY

By:        *s/Rinku Tribuiani*
               Assistant United States Attorney
               FL Bar No. 0150990
               505 S. Second St., #200
               Fort Pierce, Florida 34950
               Rinku.Tribuiani@usdoj.gov
               Tel: 772-466-0899
               Fax: 772-595-3606

## CERTIFICATE OF SERVICE

**I hereby certify** that on May 17, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

s/ *Rinku Tribuiani*
Assistant United States Attorney

## SERVICE LIST
### United States of America v. Rollie Gilliam, Jr., et al.
### Case No. 10-14004-CR-MOORE/LYNCH
### United States District Court, Southern District of Florida

**Edward J. Mosher**
Law Office of Edward Mosher
200 S. Indian River Drive
Fort Pierce, FL
772-467-6790
Attorney for Rollie Gilliam, Jr.
Method of Service: Via CM/ECF

**Fletcher Peacock**
Federal Public Defender's Office
109 North 2nd Street
Fort Pierce, FL 34950
772-489-2123
772-489-3997 (fax)
fletcher_peacock@fd.org
Attorney for George Baty
Method of Service: Via CM/ECF