UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14004-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

vs.

ROLLIE GILLIAM, JR. and
GEORGE BATY,

    Defendants.
_____/

### DEFENDANT'S REQUEST FOR SENTENCING VARIANCE/ WITHDRAWAL OF OBJECTION TO PSI

The Defendant, Rollie Gilliam, Jr., through his undersigned counsel, requests a sentencing variance based upon the cocaine base/powder disparity and withdraws his objection to the PSI.

As grounds for this request, the Defendant would state:

### FACTUAL BASIS

The Presentence Investigation (PSI) calculates a guideline sentence under both §§ 2D1.1(a)(5) (adjusted offense level of 26, ¶25) and 4B1.1(a) (career offender total offense level of 34, ¶29). If the Defendant were sentenced under the "regular" guidelines, then the PSI calculates the sentencing range as 110 - 137 months (based on criminal history category of V, ¶39). If sentenced as a guideline career offender, the PSI indicates a sentencing range of 262 - 327 months. ¶71.

The PSI calculates that Defendant is responsible for 8.7 grams of cocaine base as the relevant conduct. ¶20.

The Defendant withdraws his objection to the role in the offense calculation. ¶23.

ARGUMENT IN FAVOR OF VARIANCE

The sentencing guidelines are advisory. *U.S. v. Booker*, 125 S.Ct. 738 (2005). Courts should impose sentences that are sufficient, but not greater than necessary, to achieve the purposes of sentencing, after consideration of the factors set forth in 18 U.S.C. §3553(a).

As a matter of public policy, the United States Department of Justice (DOJ) has recommended that Congress and the Sentencing Guidelines Commission should eliminate the crack/powder disparity. "Until Congress acts, courts must exercise their discretion under existing case law to fashion a sentence that is consistent with the objectives of 18 U.S.C. §3553(a)." Page 2, 5109 Memorandum from Deputy Attorney General David W. Ogden. In a statement before the Senate Judiciary Committee on April 29, 2009, Assistant Attorney General Lanny A. Brewer explained DOJ's position in more detail:

> [T]his administration believes that the current federal cocaine sentencing structure fails to appropriately reflect the differences and similarities between crack and powder cocaine, the offenses involving each form of the drug, and the goal of sentencing serious and major traffickers to significant prison sentences. We believe the structure is especially problematic, because a growing number of citizens view it as fundamentally unfair. The administration believes Congress's goal should be to completely eliminate the sentencing disparity between crack cocaine and powder cocaine.

Page 10.

Guidelines Amendment 715, effective May 1, 2008, reduced the crack/powder anomaly, but it was not eliminated. Even after this Amendment, "[t]he Guidelines now advance a crack/powder ratio that varies (at different offense levels) between 25 to 1 and 80 to 1". *Kimbrough v. U.S.*, 128 S.Ct. 558, 573 (2007).

Defendant recognizes that these arguments concerning arbitrary crack/powder ratios apply

only to the guidelines, not the statutes. In this case, the statute provides a mandatory minimum sentence of 10 years in prison. The Defendant maintains that it is the career offender portion of the guidelines which converts this mandatory minimum 10-year sentence into a much more punitive recommended sentence. Sentencing judges are entitled to reject and vary from crack guidelines based upon policy disagreements which underpin the guidelines. *See Rita v. U.S.*, 127 S.Ct. 2456, 2464-2468 (2007); *Kimbrough v. U.S.*, 128 S.Ct. at 574-575; *Spears v. U.S.*, 129 S.Ct. 840 (2009).

Defendant suggests that the career offender guideline range is excessive under the circumstances of the offense in this case. The sentencing court should consider these guidelines, but has authority to reject the guideline and impose a sentence consistent with the goals expressed in 18 U.S.C. §3553(a). The decision to vary downward need not be based on special mitigating factors, but instead my be based on general policy considerations. *Spears v. U.S.*, 129 S.Ct. 844 ("district courts are entitled to vary from the crack-cocaine guidelines in a mine-run case where there are no 'particular circumstances' that would otherwise justify a variance from the Guidelines' sentencing range.")

## CONCLUSION

Based upon the circumstances of this case, and the authority cited above, the Defendant requests this Court to allow a sentencing variance to not less than the mandatory minimum of 10 years.

## CERTIFICATE OF SERVICE

I hereby certify that on this ____3____ day of _____June_____, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties

identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                Respectfully submitted,

            By: */s Jeffrey H. Garland*
               Jeffrey H. Garland
               Fla. Bar No. 320765
               102 N 2nd Street
               Fort Pierce, FL 34950
               Telephone (772) 489-2200
               Facsimile (772) 489-0610
               E-mail: jgarland@treasurecoastlawyer.com
               Attorney for Defendant

SERVICE LIST

United States of America v. Rollie Gilliam, Jr., et al
Case No. 10-14004-CR-MOORE/LYNCH
United States District Court, Southern District of Florida

Edward J. Mosher, Esq.
200 S Indian River Drive
Fort Pierce, FL 34950
(772) 467-6790
Co-counsel for Rollie Gilliam, Jr.
mosher@mosherlawoffice.comcastbiz.net
Method of Service: Via CM/ECF

Jeffrey H. Garland, Esq.
102 N 2nd Street
Fort Pierce, FL 34950
(772) 489-2200
(772) 489-0610 (fax)
Co-counsel for Rollie Gilliam, Jr.
jgarland@treasurecoastlawyer.com
Method of Service: Via CM/ECF

Fletcher Peacock, Esq.
Federal Public Defender's Office
109 N 2nd Street
Fort Pierce, FL 34950
(772) 489-2123
(772) 489-3997 (fax)
fletcher_peacock@fd.org
Method of Service: Via CM/ECF

Rinku Tribuiani, AUSA
United States Attorney's Office
505 S 2nd Street, Suite 200
Fort Pierce, FL 34950
(772) 466-0899
(772) 595-3606 (fax)
rinku.tribuiani@usdoj.gov
Method of Service: Via CM/ECF